```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - - -x
In re:                                  :

CANDELARIO VARGAS                       :     BK No. 07-10157
            Debtor                            Chapter 7
NORMAN PETTIGREW and
RUTH PETTIGREW                          :
            Plaintiffs
v.                                      :     A.P. No. 07-1042
CANDELARIO VARGAS and                   :
PHOENIX FINANCIAL CORPORATION
            Defendants
- - - - - - - - - - - - - - - - - -x
```

## ORDER GRANTING SUMMARY JUDGMENT

APPEARANCES:

    Leon A. Blais, Esq.
    Attorney for Plaintiffs, Norman and Ruth Pettigrew
    Blais & Parent
    20 Cabot Boulevard, Suite 300
    Mansfield, Massachusetts 02048

    David C. Clarke, Esq.
    Attorney for Plaintiffs, Norman and Ruth Pettigrew
    Blais Cunningham & Crowe Chester
    150 Main Street
    Pawtucket, Rhode Island 02860

    Peter A. Lawton, Esq.
    Attorney for Debtor/Defendant, Candelario Vargas
    160 Burnside Street
    Cranston, Rhode Island 02910

    Peter J. Furness, Esq.
    Attorney for Defendant, Phoenix Financial Corp.
    SINAPI FORMISANO & COMPANY, LTD.
    100 Midway Place, Suite 1
    Cranston, Rhode Island 02920-5707

    Richard L. Gemma, Esq.
    Attorney for Defendant, Phoenix Financial Corp.
    Wieck DeLuca & Gemma Incorporated
    56 Pine Street, Suite 700
    Providence, Rhode Island 02903

**BEFORE ARTHUR N. VOTOLATO, United States Bankruptcy Judge**

BK No. 07-10157; A.P. No. 07-1042

Heard on the Plaintiffs' (Pettigrews') objection to Defendant Phoenix Financial Corporation's ("Phoenix") Motion for Partial Summary Judgment. Upon consideration of the oral arguments, the briefs, and the authorities cited,[1] the Court agrees with, adopts, and incorporates by reference herein the arguments advanced by Phoenix, and **GRANTS** its Motion for Summary Judgment.

The Pettigrews do not address the substantive legal issues presented by Phoenix, but instead argue that the Motion should be denied for alleged procedural reasons. In addition, they fail to address, in any way, Phoenix's legal argument, i.e., the problem with trying to rescind their subordination agreement with Phoenix, where there is no claim that Phoenix did anything wrong. To the contrary, the allegation is that the fraud was committed by others, namely, the Debtor and one Jaime Aguayo. Instead, the Plaintiffs, on technical grounds, argue that a list of undisputed facts contained in the Joint Pre-Trial Order ("JPTO") "are not admissions," because the JPTO is merely a "strategy document." In addition to being irrelevant, that is an absolutely incorrect description of the nature and purpose of a JPTO. As a matter of professional responsibility, as well as by local rule, the JPTO is designed to "facilitate and expedite the hearing of a contested matter," and RI Bankr. Form O provides that a JPTO shall include "facts which are admitted and require no proof." See RI LBR 9014-1(d). Further, astute readers should take away from here the caveat that any party filing a JPTO as a "strategy document" for the purpose of improving one's

---

[1] Or *not* cited, as is the case with the Plaintiffs.

BK No. 07-10157; A.P. No. 07-1042

position by posturing, can expect to be on the receiving end of a Rule 11 order to show cause why sanctions should not be imposed.

As for their choice of law argument, Plaintiffs offer no authority to support the contention that Massachusetts law is the appropriate choice in this case, and Plaintiffs' counsel conceded that he did not know what difference there would be by applying Rhode Island law versus Massachusetts law. Phoenix points out and represents that the Plaintiffs' choice of law argument is neither relevant nor substantively correct, since the result would be the same under either Rhode Island or Massachusetts law. On the present record, the Plaintiffs' argument and presentation of both of the foregoing issues could itself amount to a frivolous litigation tactic.

Because Phoenix's argument is correct as to the law and the agreed facts, Summary Judgment as to Phoenix Financial Corporation is **GRANTED**.

So Ordered.

Dated at Providence, Rhode Island, this   20th   day of July, 2009.

                                                    Arthur N. Votolato
                                                  U.S. Bankruptcy Judge

Entered on docket: 7/20/09